## Commonwealth v. Saloom

*Henry S. Moore*, for Commonwealth.
*Chester B. Scholl*, for defendant.

STRANAHAN, J., May 24, 1966.—This matter is before the court on an appeal from a summary proceeding in which defendant, Edward T. Saloom, was convicted for violating a section of The Penal Code which prohibits the operation of pool and billiard rooms during certain hours and on the Sabbath Day. The section of The Penal Code involved is the Act of December 16, 1959, P. L. 1874, sec. 1, 18 PS §4651, which provides:

"Whoever, being a licensed keeper, proprietor, owner or superintendent of any public pool-rooms or billiard-room permits such place to remain open between the hours of one o'clock ante meridian and six o'clock ante meridian on any secular day, or on the first day of the week commonly called the Sabbath Day, or knowingly allows or permits any person under the age of eighteen (18) years to be present in any public pool-room or billiard-room, upon conviction thereof in a summary proceeding, shall be sentenced to pay a fine not exceeding ten dollars ($10), and, in default of the payment of such fine, and costs, shall be imprisoned not exceeding thirty (30) days".

Since both the District Attorney and defendant have agreed that there is no dispute as to the facts, this matter was heard by the court solely on the question of law involved. Defendant admits that he is in violation of the statute, but his defense is that the poolroom involved is located in Hickory Township, Mercer County, Pa., which is a first class township, and that there is no ordinance in the township for the licensing of poolrooms. He, therefore, argues that since there is no licensing provision, this statute is not applicable to him since it deals solely with "a licensed keeper, proprietor, owner or superintendent of any public pool-room". This, he argues, excludes him from the provision of this statute and permits him to operate his poolroom without being subject to the provision of the statute for so

long a period of time as Hickory Township does not require the licensing of poolrooms.

Only one other case in which this problem was presented can be found, and that case is Commonwealth v. Hamme, 35 D. & C. 2d 539. In this case, defendant operated a poolroom in a second class township in York County. There was no statutory authority for the licensing of pool halls in second class townships, and, therefore, since no licensing provision existed, defendant contended that he was excluded from the penal statute, since he was not a licensed keeper, proprietor, owner or superintendent of a public poolroom. The court accepted this reasoning and found in favor of defendant.

The close reading of this statute creates a problem in the court's mind in that it is difficult to determine what the intent of the legislature was when it enacted the statute. The District Attorney advances the argument that the word "licensed" is an adjective which solely describes the word "keeper" and has no application to the words "proprietor, owner or superintendent".

This argument, however, is strained, since it is obviously possible to determine that the adjective "licensed" applies not only to the word "keeper", but also to "proprietor, owner or superintendent" and that the statute does have applicability only if a license is involved.

In interpreting statutes of this type, the court is required to strictly construe the statutes. Rules of statutory construction are set forth in the Act of May 28, 1937, P. L. 1019, art. IV, sec. 58; 46 PS §558. To strictly construe this statute, this court must hold that it applies only to persons operating poolrooms who are licensed. Since Hickory Township is a first class township, and under the Act of May 27, 1949, P. L. 1955, sec. 31, 53 PS §56531, the township has authority to license poolrooms, it would be suggested that perhaps the necessary action should be taken by Hickory Town-

ship to require the licensing of poolrooms, thereby clearly bringing those persons who operate poolrooms under the terms of the licensing provision.

By enacting an ordinance requiring poolrooms to be licensed, Hickory Township could solve any problem it might have in regard to this particular poolroom and any other poolroom in the township that is in violation of the closing provision as set forth in the penal statute.

We, therefore, hold that the section of the penal statute dealing with the closing of poolrooms applies only to those poolrooms which have a "licensed keeper, proprietor, owner or superintendent". While this interpretation of the statute leaves much to be desired, since it was obviously the intent of the legislature to control all poolrooms, nevertheless, we must accept the clear language of the statute and make our ruling in accordance with the obvious meaning.

### ORDER

And now, May 24, 1966, the appeal of defendant is hereby sustained and defendant is found not guilty, and it is directed that any fine and costs he may have paid be returned to him forthwith. It is further directed that any costs in this matter shall be paid by the County of Mercer.